IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEVON TIPTON**                                                                                  **PLAINTIFF**

**v.**                                                            **Civil Action No. 1:15-cv-5-HSO-JCG**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [16] Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), filed by Defendant Carolyn W. Colvin, Commissioner of Social Security. The Commissioner seeks an order remanding the final decision of the Commissioner for further administrative action. The Commissioner asserts that "the hearing decision does not resolve all of the conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles* (DOT) and thus, does not properly support denial at step five." Def.'s Mot. [17] at 1-2. Plaintiff has filed no response to the Commissioner's Motion to Remand, and the time for responding has passed.

The fourth sentence of 42 U.S.C. § 405(g) grants the Court authority "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Pursuant to this authority, and in light of the Commissioner's unopposed Motion to Remand, the undersigned recommends that this case be remanded to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g). That on remand, this case be sent to an Administrative Law Judge (ALJ) for a supplemental hearing and a new decision on other issues, and that the ALJ will (1) obtain supplemental evidence from a vocational expert to address the issue of transferability of skills and to clarify the effect of the assessed limitations on the occupational base and (2) otherwise develop the administrative record as appropriate and necessary.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United*

*Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 26th day of October, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE